## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SAPPHIRE DOLPHIN LLC, | |
| Plaintiff, | |
| v. | C.A. No._____ |
| | **TRIAL BY JURY DEMANDED** |
| PIONEER CORPORATION; and PIONEER ELECTRONICS (USA) INC., | |
| Defendants. | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Sapphire Dolphin, LLC ("Sapphire Dolphin"), by and through its undersigned counsel, for its Complaint against Pioneer Corporation and Pioneer Electronics (USA) Inc. (collectively "Pioneer" or "Defendants"), alleges as follows:

## NATURE OF THE ACTION

1.      This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. §§ 1 *et seq.*, including 35 U.S.C. § 271.

## THE PARTIES

2.      Plaintiff Sapphire Dolphin is a Delaware limited liability company with a place of business at 222 Delaware Ave, Wilmington, Delaware 19801.

3.      On information and belief, Defendant Pioneer Corporation is a corporation organized and existing under the laws of Japan with its principal place of business at 1-1, Shin-ogura, Saiwai-ku, Kawasaki-shi, Kanagawa 212-0031, Japan.  Pioneer Corporation is engaged in the design, manufacture, importation into the United States, and sale after importation into the United States of consumer electronics and related accessory.

4.      On information and belief, Defendant Pioneer Electronics (USA) Inc., is a wholly-owned subsidiary of Pioneer Corporation and is incorporated under the laws of Delaware with its principal place of business at 1925 E. Dominguez St., Long Beach, California 90810. Defendant may be served with process through its registered agent, CSC – Lawyers Incorporating Service, at 2710 Gateway Oaks Dr., Ste. 150N, Sacramento, CA 95833.

5.      Defendants are in the business of making, using, selling, offering for sale and/or importing consumer electronics that establish communications over a Bluetooth network via NFC.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because the action arises under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*

7.      This Court has personal jurisdiction over Defendants by virtue of their systematic and continuous contacts with this jurisdiction, as well as because of the injury to Sapphire Dolphin and the cause of action Sapphire Dolphin has raised, as alleged herein.

8.      Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Delaware Long-Arm Statute, Del Code. Ann. Tit. 3, § 3104, due to at least their substantial business in this forum, including: (i) at least a portion of the infringement alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Delaware.

9. Defendants have conducted and conduct business within the state of Delaware, directly or through intermediaries, resellers, agents, or offers for sale, sells, and/or advertises products in Delaware that infringe the Asserted Patents (as defined below).

10. In addition to Defendants continuously and systematically conducting business in Delaware, the causes of action against Defendants are connected (but not limited) to Defendants' purposeful acts committed in the state of Delaware, including Defendants' making, using, importing, offering for sale, or selling products which include features that fall within the scope of at least one claim of the Asserted Patents.

11. Venue lies in this District under 28 U.S.C. §§ 1391 and 1400(b) because, among other reasons, Defendants are subject to personal jurisdiction in this District, and have committed and continues to commit acts of patent infringement in this District. For example, Defendants have used, sold, offered for sale, and/or imported infringing products in this District.

## THE PATENTS-IN-SUIT

12. There are two patents at issue in this action: United States Patent Nos. 6,094,676 (the "'676 Patent") and 6,219,710 (the "'710 Patent") (collectively, the "Asserted Patents").

13. On July 25, 2000, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '676 Patent, entitled "Method and Apparatus for Peer-To-Peer Communication" after a full and fair examination. Sapphire Dolphin is presently the owner of the patent and possesses all right, title and interest in and to the '676 Patent. Sapphire Dolphin owns all rights of recovery under the '676 Patent, including the exclusive right to recover for past infringement. The '676 Patent is valid and enforceable. A copy of the '676 Patent is attached hereto as Exhibit A.

14.     On April 17, 2001, the USPTO duly and legally issued the '710 Patent, entitled "Method and Apparatus for Peer-To-Peer Communication" after a full and fair examination. Sapphire Dolphin is presently the owner of the patent and possesses all right, title and interest in and to the '710 Patent.   Sapphire Dolphin owns all rights of recovery under the '710 Patent, including the exclusive right to recover for past infringement.   The '710 Patent is valid and enforceable.  A copy of the '710 Patent is attached hereto as Exhibit B.

15.     The '676 Patent contains three independent claims.

16.     The '710 Patent contains four independent claims.

## JOINDER

17.     Defendants are properly joined under 35 U.S.C. § 299(a)(1) because a right to relief is asserted against the parties jointly, severally, and in the alternative with respect to the same transactions, occurrences, or series of transactions or occurrences relating to the making, using, importing into the United States, offering to sell, and/or selling the same accused products. Specifically, as alleged in detail below, Defendants are alleged to infringe the Asserted Patents with respect to the same products as described hereinafter.

18.     Defendants are properly joined under 35 U.S.C. § 299(a)(2).  Questions of fact will arise that are common to all Defendants, including for example, whether Defendants' products have features that meet the features of one or more claims of the Asserted Patents, and what reasonable royalty will be adequate to compensate the owner of the Asserted Patents for their infringement.

19.     Defendants use, make, sell, offer to sell and/or import products that, when used, infringe on the Asserted Patents.

20.     At least one right to relief is asserted against these parties jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering to sell, or selling of the same accused product and/or process.

## DESCRIPTION OF THE ACCUSED INSTRUMENTALITIES

21.     Defendants' accused products, such as the "Pioneer Portable Bluetooth Speaker XW-LF1-L" (the "Accused Products"), establish a communication between two devices over a network channel after exchanging messages that provide information that one or both of the communicating devices use to determine the network address of the other over a monitor channel.

22.     For example, the "Pioneer Portable Bluetooth Speaker XW-LF1-L" establishes communication with an Audio Source device (such as a smartphone) over a Bluetooth network when the audio source device is placed very near or tapped against the near-field communication (NFC) subsystem of the Pioneer Portable Bluetooth Speaker XW-LF1-L.  The apparatus, accordingly, communicates using a near-field communication (NFC) channel and a Bluetooth channel.  In addition, a user of said apparatus also performs at least one method of the Asserted Patents.

23.     Accordingly, an operator, such as a customer or an employee, performs at least one method and/or uses at least one apparatus claimed in the Asserted Patents by pairing an Audio Source device with the Accused Products using near-field communication (NFC).

## COUNT I:
## (INFRINGEMENT OF THE '676 PATENT)

24.     Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1-23.

25.     Defendants directly infringe one or more claims of the '676 Patent by using an apparatus and method as described above. For example, without limitation, Defendants directly infringe the '676 Patent by using the Accused Products, including use by Defendants' employees and agents, and use during product development and testing processes.

26.     Defendants have had knowledge of infringement of the '676 Patent at least as of the service of the present complaint.

27.     By engaging in the conduct described herein, Defendants have injured Sapphire Dolphin and are thus liable for infringement of the '676 Patent, pursuant to 35 U.S.C. § 271.

28.     Defendants have committed these acts of infringement without license or authorization.

29.     To the extent that facts learned in discovery show that Defendants' infringement of the '676 Patent is or has been willful, Sapphire Dolphin reserves the right to request such a finding at the time of trial.

30.     As a result of Defendants' infringement of the '676 Patent, Sapphire Dolphin has suffered harm and monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendants' past infringement, together with interests and costs.

31.     Sapphire Dolphin will continue to suffer harm and damages in the future unless Defendants' infringing activities are enjoined by this Court.  As such, Sapphire Dolphin is entitled to compensation for any continuing or future infringement up until the date that Defendants are finally and permanently enjoined from further infringement.

**COUNT II:**
**(INFRINGEMENT OF THE '710 PATENT)**

32.      Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1-31.

33.      Defendants directly infringe one or more claims of the '710 Patent by using an apparatus and method as described above. For example, without limitation, Defendants directly infringe the '710 Patent by using the Accused Products, including use by Defendants' employees and agents, and use during the product development and testing processes.

34.      Defendants have had knowledge of infringement of the '710 Patent at least as of the service of the present complaint.

35.      By engaging in the conduct described herein, Defendants have injured Sapphire Dolphin and are thus liable for infringement of the '710 Patent, pursuant to 35 U.S.C. §271.

36.      Defendants have committed these acts of infringement without license or authorization.

37.      To the extent that facts learned in discovery show that Defendants' infringement of the '710 Patent is or has been willful, Sapphire Dolphin reserves the right to request such a finding at the time of trial.

38.      As a result of Defendants' infringement of the '710 Patent, Sapphire Dolphin has suffered harm and monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendants' past infringement, together with interests and costs.

39.      Sapphire Dolphin will continue to suffer harm and damages in the future unless Defendants' infringing activities are enjoined by this Court.  As such, Sapphire Dolphin is entitled to compensation for any continuing or future infringement up until the date that Defendants are finally and permanently enjoined from further infringement.

## DEMAND FOR JURY TRIAL

40.     Sapphire Dolphin demands a trial by jury of any and all causes of action.

## PRAYER FOR RELIEF

Sapphire Dolphin respectfully prays for the following relief:

41.     That Defendants be adjudged to have infringed the Asserted Patents;

42.     That Defendants, their officers, directors, agents, servants, employees, attorneys, affiliates, divisions, branches, parents, and those persons in active concert or participation with any of them, be permanently restrained and enjoined from directly infringing the Asserted Patents;

43.     An award of damages pursuant to 35 U.S.C. § 284 sufficient to compensate Sapphire Dolphin for Defendants' past infringement and any continuing and/or future infringement up until the date that Defendants are finally and permanently enjoined from further infringement, including compensatory damages;

44.     An assessment of pre-judgment and post-judgment interests and costs against Defendants, together with an award of such interests and costs, in accordance with 35 U.S.C. § 284;

45.     That Defendants be directed to pay enhanced damages, including Sapphire Dolphin's attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. § 285; and

46.     That Sapphire Dolphin be given such other and further relief as this Court may deem just and proper.

Dated: February 2, 2015

OF COUNSEL:

Eugenio J. Torres-Oyola
Ferraiuoli LLC
221 Plaza, 5th Floor
221 Ponce de León Avenue
San Juan, PR 00917
Telephone: (787) 766-7000
Facsimile: (787) 766-7001
etorres@ferraiuoli.com

BAYARD, P.A.

*/s/ Stephen B. Brauerman*
Richard D. Kirk (No. 922)
Stephen B. Brauerman (No. 4952)
Vanessa R. Tiradentes (No. 5398)
Sara E. Bussiere (No. 5725)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE  19899
(302) 655-5000
rkirk@bayardlaw.com
sbrauerman@bayardlaw.com
vtiradentes@bayardlaw.com
sbussiere@bayarlaw.com

*Attorneys for Plaintiff Sapphire Dolphin LLC*